UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

JEFFREY SCOTT WOLFE )
)
v. ) NO. 2:07-CV-279
) *Jordan/Inman*
HAMBLEN COUNTY SHERIFF'S )
DEP'T and MEDICAL STAFF )

## MEMORANDUM and ORDER

Jeffery Scott Wolfe, a prisoner in the Hamblen County Detention Center (hereinafter HCDC), brings this *pro se* civil rights action for injunctive relief under 42 U.S.C. § 1983 against the Hamblen County Sheriff's Department and the HCDC medical staff. It appears from plaintiff's *in forma pauperis* application that he lacks sufficient financial resources to pay the filing fee of three hundred, fifty dollars ($350.00) and, accordingly, his application is **GRANTED**.[1] [Doc. 1].

In the "Statement of Claim" section of his complaint form, plaintiff makes the following assertions about the conditions in the HCDC:

---

[1] After filing the complaint, plaintiff was released from his confinement. Thus, he need not comply with the fee-related requirements imposed on prisoners under 28 U.S.C. § 1915(a) and §1915(b).

(1) Sleep on floor for one mounth (sic).
(2) Cancerous spot on my head number of reports befor (sic) they looked at me took a mounth (sic) to see me.
(3) Upper cheast (sic) and lower back problems.
(4) Dissy (sic) and light headed for over a mounth (sic). (Compl. at ¶ 4).

Plaintiff asks the Court to have him sent to the hospital to be checked so a determination can be made as to what is wrong with him. (Compl. at ¶ 5).

Unfortunately for plaintiff, he may not press his claims for injunctive relief. A prisoner's request for injunctive relief against jail officials cannot be granted once he is released from the correctional institution of which he complains. *See e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). This is what has happened here: Plaintiff has notified the Court that he has been released from the HCDC. [Doc. 4]. Since plaintiff cannot obtain a benefit from a rectification of HCDC's confinement conditions, his claims for injunctive relief are now moot.

Because the only claims for relief asserted in this complaint have been rendered moot, there is no longer a case or controversy before the Court—a jurisdictional requirement under Article III of the Constitution. *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (If 'events occur during the pendency of a litigation which render the court unable to grant the requested relief,' the case becomes moot and thus falls outside our jurisdiction.") (quoting *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002)). Because no case or controversy exists, there remains no subject matter

jurisdiction over this lawsuit. Therefore, this action will be dismissed as moot and for lack of jurisdiction.

A separate order will enter.


**ENTER**:

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE